**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SATNAM SINGH MULTANI, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-71305 <br><br> Agency No. A096-143-885 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Satnam Singh Multani, a native and citizen of India, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Multani also seeks review of the IJ's finding that he filed a frivolous application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, including adverse credibility determinations. *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001). We review a determination that an applicant knowingly made a frivolous application for asylum for compliance with a procedural framework outlined by the BIA. *See Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008). We review de novo due process claims. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2002). We deny the petition for review.

Boota Singh Basi prepared Multani's asylum application. The IJ found Multani's application to be false, based on Basi's testimony that he made up Multani's claim, and the government's submission of a second application, nearly identical in content and form, that Basi prepared and filed four months before filing Multani's. Substantial evidence supports the IJ's adverse credibility determination. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) (fraudulent documents going to the heart of claim may justify adverse credibility determination); *see also Fernandes v. Holder*, 619 F.3d 1069, 1075 (9th Cir. 2010) (adverse credibility determination was supported by substantial evidence based, in part, on Boota Singh Basi's testimony that every application he filed was false). In

the absence of credible testimony, Multani's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

Because Multani's CAT claim is based on the same testimony found to be not credible, and he does not point to any other evidence to show it is more likely than not he will be tortured if returned to India, his CAT claim also fails. *See id.* at 1156-57.

The record does not compel reversal of the IJ's determination that Multani filed a frivolous asylum application because: (1) Multani was given notice of the consequences of filing a frivolous application; (2) the IJ made specific findings that Multani knowingly filed a frivolous application based on his submission of a false asylum application; (3) the IJ's frivolous findings were supported by a preponderance of the evidence; and (4) Multani was given sufficient opportunity to explain. *See Ahir*, 527 F.3d at 917-19; *In re Y-L-*, 24 I. & N. Dec. 151, 155-162 (BIA 2007).

Multani contends his due process rights were violated because he was not given an advance copy of the evidence submitted against him, and was therefore deprived of any meaningful cross examination of the evidence and witness presented against him. This contention is belied by the record. *See Lata v. INS*,

204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice for petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**